This, in my judgment, is an accurate and plain statement of the law, and applies to the case at bar.

The demurrer must be overruled.

*W. F. Eltzroth* and *Albert Anderson*, for plaintiff.

*Charles Darlington*, for defendant.

---

(Hamilton County Court of Common Pleas.)

Sarah R. Clason *v.* Z. Taylor Ward, et al.

A doweress does not forfeit her right on account of non-payment of taxes under section 2852, Revised Statutes, until there has been a sale of the land, and one year thereafter has expired. It is immaterial whether the sale is valid or not.

(Decided December, 1894.)

---

Heard on demurrer to petition.

Hollister, J.

Plaintiff, a remainder man, asks for partition of a tract of land which had been assigned to Mary A. Ward, one of the defendants, as her dower tract in a former partition, alleging that "the said Mary A. Ward neglected to pay the taxes and assessments levied and assessed against said real estate, and that in February, 1891, the same was advertised and offered for sale at the delinquent tax sale, but was returned not sold, and then became, and is now forfeited to the state ; that in December, 1893, said lot was again advertised and offered for sale at forfeited land sale by the Auditor," and that by the failure to pay taxes the defendant has forfeited her said dower estate in said lot.

Mary Ward demurs for that the facts stated are not sufficient to constitute a cause of action, claiming that the mere non-payment of taxes does not of itself work a forfeiture of the dower estate. If this is true there can be, of course, no partition, which is but the change of possession, severally, and cannot be made when a life estate is subsisting ; *Tabler* v. *Wiseman*, 2 Ohio St. 208.

The law on the subject of forfeiture by a doweress for non-payment of taxes, as Chase's Statutes, p. 1368, section 14, was in this language : "And every person so being seized, or having the care of lands as aforesaid, either by curtesy or in dower, or for life, or in right of his wife, and refusing or neglecting or refusing to list or pay the tax * * * shall forfeit to the person or persons next entitled to the said lands, either in remainder or reversion, all the estate which he or she so neglecting or refusing may have in said lands." * * * This was the law of 1824, in construing which the Supreme Court, in *McMillan* v. *Robbins*, 5 Ohio 28, held that on a failure by the tenant for life, "the law declares that his estate shall be forfeited in favor of the remainder-man or reversioner." If that law were still in existence, plaintiff's petition would be good ; but section 2852, Revised Statutes, 56 O. L., 175, section 76, S. & C., 1464, which is the law now in force, presents an important modification of that law, and provides that if one having an estate in dower shall "neglect to pay the taxes thereon, so long that such lands shall be sold for the payment of the taxes, and shall not, within one year after such sale, redeem the same according to law, such person shall forfeit to the person or persons next entitled to such

lands in remainder or reversion, all the estate which he or she, so neglecting as aforesaid, may have in said lands.  *  *  *"

In *Clark* v. *Lindsey*, 47 Ohio St. 437, at page 441, DICKMAN, J., says: "When the doweress suffered the land to become delinquent for taxes, and to be sold, and failed to redeem within one year after sale, she forfeited her estate to those entitled in remainder."

In *Jones* v. *Devore*, 8 Ohio St. 430, 432, it is said that "from the nature of a tax title and the terms of the statute, that a valid sale and conveyance of lands for the non-payment of taxes will bar even the favored right of dower."

To work a forfeiture to the state, a strict compliance with the statute must be shown:   *Woodward* v. *Sloan*, 27 Ohio St. 592.

In the case under consideration the property has been twice offered, but never sold.   The forfeiture does not ripen until after sale and the expiration of one year thereafter.   A sale there must be before the forfeiture is worked, although it is immaterial whether the sale be invalid, the circuit court holding that a sale and lapse of one year fixed the time when the forfeiture takes place:   *Estabrook* v. *Royon*, 5 C. C. 315.

There being no sale in this case, there has been no forfeiture.

Demurrer sustained.

*Oliver B. Jones*, for the demurrer.

*J. T. Demar*, contra.